```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

| | |
|---|---|
| Hindman LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20 C 1341 |
| | ) |
| Harry Mihaly, Harry Ehrenreich, and Yacov Ehrenreich, | ) |
| | ) |
| Defendants. | ) |

Memorandum Opinion & Order

Plaintiff Hindman LLC conducts auctions for the sale of merchandise, in which the three defendants participated over the years. At several of these auctions, however, plaintiff alleges defendants did not pay for items for which they were the highest bidders. After attempting and failing to serve defendants, plaintiff filed a motion to serve defendants through alternative means, which the court granted on August 1, 2020. Dkt. No. 18. Defendant Harry Ehrenreich eventually filed an answer, but when Harry Mihaly and Yacov Ehrenreich ("Yacov") failed to answer or otherwise plead, the court granted plaintiff's motion for default judgment against them jointly and severally. Dkt. Nos. 32–33. Yacov now moves to vacate default judgment for insufficient service of

process and lack of personal jurisdiction. For the following reasons, the motion is granted.

I.

The record contains conflicting information about the address or addresses at which service on Yacov was attempted. The summons issued on February 26, 2020, lists Yacov's address as 1339 45th Street, Brooklyn, NY 11219, Dkt. No. 16-1, and according to a later status report filed by plaintiff, "[o]n July 14, 2020, process server's skip-tracing research confirmed that the addresses on the summons are correct for each defendant," Dkt. No. 21 ¶ 8. The process server's affidavit, which was filed with plaintiff's motion for alternative service, states that two service attempts were made in March 2020 at 1339 45th Street. Dkt. No. 17 ¶ 7. On the first of these attempts, there was no answer at the door and no indication of anyone inside. *Id.* On the second attempt, an unknown woman, who refused to give her name or other information, answered the door, but refused service. *Id.; see also* Dkt. No. 16 ¶ 13(i) (noting this woman refused to accept service).

Consistent with this, when the court granted plaintiff's request to serve through alternative means--by (1) sending a summons and complaint to Yacov's last known address via certified mail, (2) sending a summons and complaint to Yacov at his last known address via Federal Express ("FedEx") overnight delivery, and (3) posting a summons and complaint on the door of Yacov's

2

residence--plaintiff did so using the 1339 45th Street address. *See* Dkt. No. 18. For example, the certified mail receipt shows that the summons and complaint were sent by this method to 1339 45th Street. Dkt. No. 24-6; *see also* Dkt. No. 30-2 ¶ 6 (office administrator at plaintiff's law firm states she sent the summons and complaint by certified mail to that address). Similarly, an affidavit by process server Darren Pinder states that he posted the summons and complaint to the door of, and mailed them to, 1339 45th Street. Dkt. No. 24-9. Although the FedEx receipts do not reveal addresses, *see* Dkt. Nos. 24-3, 24-4, 24-5, an affidavit by the office administrator at plaintiff's law firm states that she sent the documents via FedEx to Yacov at 1339 45th Street. Dkt. No. 30-2 ¶ 5.

However, there are indications that a different address was used for the March 2020 service attempts. The process server's affidavit identified two addresses for Yacov in addition to noting 1339 45th Street as the address where service was attempted: his "most recent address," 605 Myers Ct, Mackinaw, IL 61755, and an address where he was registered to vote, 1333 45th Street, Brooklyn, NY 11219. Dkt. No. 17 ¶ 6. In its motion for alternative service, plaintiff at one point stated that "[t]he process server's research confirmed that: (i) with respect to defendant Yacov Ehrenreich, he had reported the address 1333 45th Street, Brooklyn,

3

New York 11219 as his address between April 2008 and June 2020 and is registered to vote at that address." Dkt. No. 16 at 4.

II.

Yacov asserts that any service attempted at 1339 45th Street was invalid because he has never lived at that address. Plaintiff concedes that 1339 45th Street is the wrong address, and that references to that address are the result of an unfortunate "typographical error." But plaintiff contends that service was attempted on Yacov at the correct address, 1333 45th Street, and that such attempts constituted valid service.

As a starting point, there can be no doubt that when plaintiff attempted alternative service via the three methods ordered by the court, it used 1339 45th Street, the wrong address. This is clear from the certified mail receipt, the affidavit by the process server who posted the documents on the door, and the affidavit of the office administrator who sent the materials via FedEx and certified mail. Indeed, plaintiff raises no argument on this front. Thus, the only disagreement between the parties is whether the initial attempts at service in March 2020 constituted valid service.

Federal Rule of Civil Procedure 4(e) provides four ways to properly serve an individual: (1) following state-law service

4

rules[1]; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who resides there; or (4) delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process.

Plaintiff does not assert that it actually served Yacov through any of these methods, but that it attempted to do so, only to be thwarted by Yacov's intentional evasion. Because plaintiff never actually served Yacov, there is no signed return of service bearing the 1333 45th Street address, which would constitute "'prima facie evidence of valid service which can be overcome only by strong and convincing evidence.'" *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). Instead, plaintiff argues that it is reasonable to find that (1) the March 2020 process server was experienced, so he would have gone to the correct address (1333 45th Street) and (2) Yacov evaded these

---

[1] Under 735 ILCS 5/2-203, service on an individual may be accomplished by leaving a copy of the summons with the individual personally or by leaving a copy at the individual's place of abode with a person of the family or a person residing there, age 13 years or older, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his usual place of abode.

service attempts, consistent with his conduct in the case filed in the Southern District of New York to enforce the default judgment, *Hindman LLC v. Mihaly*, No. 1:21-mc-00452-PAE ("New York Case").[2] In light of the numerous indications that service was actually attempted at 1339 45th Street--including the summons, the portion of Kropp's affidavit stating where service was attempted in March 2020, and all of the alternative service attempts--plaintiff has failed to show that service was attempted at the right address. Without that, I cannot conclude that Yacov was validly served, even if the New York Case reveals his penchant for evasion.

Because I find plaintiff's evidence that service was attempted at 1333 45th Street insufficient, I need not address whether service at that address would have been valid, given that Yacov attests that address was also never his residence, but instead his brother's residence that Yacov used in the past as a mailing address and for his voter registration. *See* Dkt. No. 50-1 ¶¶ 5-7.

Having found that Yacov was not adequately served, I must vacate the default judgment against him. *See Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016) ("A judgment

---

[2] In that case, Yacov was held in contempt and arrested for defying court orders. *See* New York Case Dkt. Nos. 32, 49. The case was terminated on January 12, 2023, upon plaintiff's filing a letter indicating that Yacov and Harry Mihaly are now cooperating and the court's assistance was no longer needed. *See id.* Dkt. Nos. 66-67.

6

is . . . void as to any party who was not adequately served." (citing *Relational, LLC*, 627 F.3d at 671)).

                              **ENTER ORDER:**

*/s/ Elaine E. Bucklo*
                              **Elaine E. Bucklo**
                            United States District Judge

Dated: February 7, 2023